J-S14008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWARD GALLOWAY SCHWARTZ, JR. | : | |
| | : | |
| Appellant | : | No. 2952 EDA 2018 |

Appeal from the PCRA Order Entered October 1, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001551-2009

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.:                        **FILED APRIL 08, 2019**

Edward Galloway Schwartz, Jr. appeals, *pro se*, from the order, entered in the Court of Common Pleas of Delaware County, dismissing, without a hearing, his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA).  We affirm.

On December 22, 2009, Schwartz entered a negotiated guilty plea to eight counts of sexual abuse of children (possession of child pornography),[1] and one count of criminal use of a communication facility.[2]  The court ordered an assessment by the Sexual Offender Assessment Board (SOAB) to determine whether Schwartz was a sexually violent predator (SVP) under Megan's Law.  On May 5, 2010, the court determined that Schwartz was an

---

[1] 18 Pa.C.S.A. § 6312(D)(1).

[2] 18 Pa.C.S.A. § 7512(A).

---

*   Retired Senior Judge assigned to the Superior Court.

SVP, and the court imposed the agreed-upon sentence of 12½ to 25 years'

incarceration, followed by 5 years of probation. The remaining charges were

*nolle prossed*. Schwartz did not file post-sentence motions or a direct appeal.

Schwartz filed the instant PCRA petition on September 11, 2017. The

PCRA court appointed counsel, who, after review, filed a **Turner**/**Finley** no-

merit letter.[3] On August 21, 2018, the PCRA court served Schwartz with a

notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(1). On September

10, 2018, Schwartz filed a response and an amended petition. Thereafter, on

October 1, 2018, the court dismissed Schwartz's petition and granted

counsel's request to withdraw. This timely appeal followed. Both Schwartz

and the PCRA court have complied with Pa.R.A.P. 1925(b).

Schwartz raises the following claims on appeal:

1. Was Schwartz entitled to PCRA relief from SORNA[4]imposed
   sex offender registration requirements, which were applied
   to him retroactively, following the Pennsylvania Supreme
   Court's decision in **Commonwealth v. Muniz**, [164 A.3d
   1189 (Pa. 2017)], which determined the retroactive
   application of SORNA to be unconstitutional?

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 *et seq*. On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. §§ 16901, *et seq*. **Commonwealth v. Sampolski**, 89 A.3d 1287, 1288 (Pa. Super. 2014). SORNA was amended on July 5, 2012, also effective December 20, 2012.

2. Was Schwartz entitled to PCRA relief from the trial court's designation at sentencing as an SVP in light of recent Pennsylvania case law which has since invalidated the SVP hearing designation process as unconstitutional?

3. Was Schwartz entitled to PCRA relief through his amended PCRA where he presented a constitutional challenge to the new sex offender registration laws replacing SORNA law in Pennsylvania, and retroactively imposed upon him following the enactment of "Act 10 of 2018 (February 21, 2018)?"[5]

Appellant's Brief, at 2.

The timeliness of a PCRA petition is a jurisdictional prerequisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa. Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment

---

[5] In response to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), the General Assembly passed Acts 10 and 29 of 2018 to cure SORNA'S constitutional defects. **See** 42 Pa.C.S.A. § 9799.51(b)(4) ("it is the intention of the General Assembly to address [**Muniz** and **Butler**].") Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA'S effective date, i.e., December 20, 2012. Moreover, the General Assembly added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth registration requirements that apply to *all offenders convicted of committing offenses on or after the effective date of Megan's Law I (April 22, 1996), but prior to SORNA's effective date (December 20, 2012), whose period of registration has not expired, as well as those offenders required to register under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.* Because we conclude that Schwartz's petition is time-barred, he cannot proceed with the constitutional claim he raises on appeal. We note that the Supreme Court recently granted review, in its original jurisdiction, to determine the issue of whether Acts 10 and 29 are constitutional. **See Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018).

becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the time bar allow for very limited circumstances to excuse the late filing of a petition;[6] a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Here, Schwartz was sentenced on May 5, 2010 and he did not file a direct appeal. Therefore, his judgment of sentence became final on June 4, 2010. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

---

[6] In order to meet one of the statutory exceptions to the one-year time requirement, a petition must allege and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a). Thus, Schwartz had one year, until June 4, 2011, to file any petition, "including a second or subsequent petition." 42 Pa.C.S.A. § 9541(b)(1). Instantly, Schwartz filed his petition on September 11, 2017. His petition, therefore, is patently untimely.

After our review, we conclude Schwartz has not proven any of the statutory exceptions to the PCRA time-bar. *See id.* This Court has declared that *Muniz* created a substantive rule that applies in the collateral context. *Commonwealth v. Rivera−Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, as we recognized in *Commonwealth v. Murphy*, 180 A.3d 402, 405–406 (Pa. Super. 2018), "because [a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera−Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy Section 9545(b)(1)(iii)." No such holding has yet been issued by our Supreme Court.

The same holds true for Schwartz's argument that his SVP designation, and thus his lifetime registration requirement, is illegal under *Muniz* and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017). Schwartz attempts to satisfy the timeliness exception of section 9545(b)(1)(iii) by arguing that his designation as an SVP is unconstitutional under this Court's decision in *Butler*, *supra*. In *Butler*, this Court concluded that, in light of our Supreme Court's decision in *Muniz*, "section 9799.24(e)(3) of SORNA [regarding SVP designation] violates the federal and state constitutions

because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218. This Court's reasoning in **Butler** was based on the United States Supreme Court's decision in **Alleyne v. United States**, 570 U.S. 99, 102 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt"), which our Supreme Court has held does not apply retroactively where, as here, the judgment of sentence is final. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (holding that "**Alleyne** does not apply retroactively to cases pending on collateral review").

In sum, because Schwartz's PCRA petition is untimely, and neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that either **Muniz** or **Butler** applies retroactively, Schwartz cannot satisfy the timeliness exception of section 9545(b)(1)(iii). We conclude, therefore, that Schwartz's petition is time-barred, and the PCRA court lacked jurisdiction to review it. **See Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.") (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/19